**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUSUF SHAH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-75069<br><br>Agency No.   A98-251-777<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 14, 2011
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and DUFFY, District Judge.[**]

Yusuf Shah, a native and citizen of India, petitions for review of a decision

of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's

("IJ") decision to deny Shah's applications for asylum, withholding of removal,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

and relief under the Convention Against Torture ("CAT").  Shah contends that the BIA's adverse credibility determination was not based on substantial evidence, and that the BIA erred in dismissing his asylum claim as untimely because he had demonstrated extraordinary circumstances excusing his delay.  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The BIA correctly held that Shah's asylum claim was time-barred.  Shah applied for asylum more than one year after his last entry into the United States and has not demonstrated any extraordinary circumstances justifying his delay. 8 U.S.C. § 1158(a)(2)(B),(D).

We review a finding of adverse credibility for substantial evidence. *Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir. 2003).  An adverse credibility determination will be upheld on review unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Antonyan v. Holder*, 642 F.3d 1250, 1254 (9th Cir. 2011) (citation omitted).

The BIA based its adverse credibility finding on misrepresentations Shah made on a worksheet in preparation for his bond hearing and discrepancies between Shah's testimony and declaration and the affidavits of his friends.

Shah's misrepresentations on his bond worksheet support an adverse credibility finding.  The fact that a petitioner "chose to lie to immigration

2

authorities . . . always counts as substantial evidence supporting an adverse credibility finding." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). The BIA relied on Shah's oral testimony during his removal hearing in which he admitted that he lied on his bond worksheet.

Shah also testified that he and his two friends were detained and beaten by the police on two separate occasions. However, his friends' affidavits do not mention these events. These are material omissions since they concern the basis of Shah's withholding of removal claim and are thus sufficient to support an adverse credibility determination. *See Zamanov v. Holder*, 649 F.3d 969, 973 n.1 (9th Cir. 2011). Absent credible testimony, Shah's CAT claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION DENIED.**